```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   ASHEVILLE DIVISION
                   1:05CV320-02-MU
```

| | | |
|---|---|---|
| **WILLIE J. WILLIAMS,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | <u>**ORDER**</u> |
| | ) | |
| **(FNU) TRICE, Corrections** | ) | |
|   Officer at the Moun- | ) | |
|   tain View Correctional | ) | |
|   Institution ("MVCI") | ) | |
| **(FNU) LAWLER, Assistant** | ) | |
|   Superintendent at MVCI; | ) | |
| **(FNU) BAKER, Lieutenant** | ) | |
|   at MVCI; and | ) | |
| **(FNU) LOCKIDY, Nurse at** | ) | |
|   MVCI, | ) | |
|     **Defendants.** | ) | |

**THIS MATTER** comes before the Court on initial review of the plaintiff's Complaint under 42 U.S.C. §1983, filed October 25, 2005. For the reasons stated herein, the instant Complaint will be <u>dismissed</u> for the plaintiff's failure to state a constitutional claim for relief.

According to the Complaint, the plaintiff alleges that on September 21, 2005, defendant Trice responded to a question from the plaintiff with "racial remarks . . . under his voice." At that point, the plaintiff reportedly sought to "correct" defendant Trice, at which time Trice allegedly tried to make a scene by turning the plaintiff around, and placing the plaintiff's wrists in tightly fastened handcuffs behind his back. The

plaintiff further alleges that the right handcuff caused a knot to form on his right wrist.

Other than having developed that knot, the plaintiff does not allege that he was struck or otherwise injured in the subject incident. Nevertheless, the plaintiff complains that when he reported the matter to a sergeant, he was not immediately taken to the medical unit for an evaluation as reportedly is required under prison regulations. Rather, the plaintiff reports that he was evaluated approximately 72 hours after the incident, at which time defendant Lockidy subjected him to negligence in that her evaluation merely consisted of her observing the plaintiff move his wrists, presumably to ensure they were not broken.

Last, the plaintiff alleges that he reported the incident with defendant Trice to defendant Baker, but Baker failed to take any action. Likewise, the plaintiff alleges that he reported the incident to defendant Lawler and, in response, she directed defendant Lockidy to conduct the aforementioned evaluation.

Based upon the foregoing, the plaintiff is seeking "$10,000 acess [sic] & sum," and to be transferred to another prison. However, notwithstanding his obvious belief to the contrary, the plaintiff's allegations simply do <u>not</u> state a constitutional claim for relief.

Indeed, to the extent that the plaintiff is seeking to recover damages from defendant Lockidy for her alleged act of

negligence, it is clear that such claim must be dismissed.  That is, it is well settled that mere negligence in diagnosis or treatment does not state a constitutional claim for relief in this context.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).  Moreover, no claim can be stated on the basis of any disagreement between the inmate and the physician as to how a medical complaint should be handled.  Thus, inasmuch as the plaintiff has failed to articulate a basis for imposing liability upon defendant Lockidy, his Complaint must be dismissed as against her.

Turning next to defendants Baker and Lawler, the plaintiff's Complaint also falls short of stating a claim as to those two persons.  To be sure, the plaintiff alleges that defendant Baker failed to take action when he reported the incident with defendant Trice; however, it is not at all clear what action the plaintiff believes Baker should have taken.  Thus, to the extent that the plaintiff is asserting that Baker was deliberately indifferent to him by Baker's having failed to secure an immediate medical evaluation for the plaintiff, such claim still must fail.

To state a claim for relief for deliberate indifference, the plaintiff must allege facts which demonstrate, at the very least, that he was suffering from an objectively "serious" medical

3

condition to which the defendant was deliberately indifferent. Quinones, 145 F.3d at 167. Clearly, then, since the plaintiff has failed to set forth any allegations which could be construed as evidence of a "serious" medical condition, defendant Baker cannot be held liable to the plaintiff.

The plaintiff also complains that defendant Lawler took no action when she was advised of this incident. However, the plaintiff has contradicted himself in that he also stated that defendant Lawler is the individual who sent defendant Nurse Lockidy to conduct the medical evaluation on him; and that such evaluation was conducted within 72 hours of the time that the use of force occurred. Consequently, in the absence of an allegation which could support a finding that the plaintiff was seriously injured, or even a suggestion that the plaintiff suffered harm as a result of the 72-hour delay, this claim also must be dismissed as against defendant Lawler.

Finally, with respect to the allegations against defendant Trice, clearly those matters are more troubling than the other allegations. To put it simply, the Court finds that the use of racial epithets by prison staff against inmates is, at the very least, a sign of ignorance and poor character. Nevertheless, even those allegations are insufficient to state a claim for relief under §1983. See Morrison v. Martin, 755 F.Supp. 683 (E.D.N.C.) (in general, verbal abuse of inmates by guards states

4

no claim for assault or otherwise), aff'd, 917 F.2d 1302 (4th Cir. 1990).

Similarly, the plaintiff's allegation that defendant Trice placed the handcuffs on his wrists so tightly that he developed a knot on his right wrist also does not state a constitutional claim for relief. That is, the subject conduct simply does not rise to the level of a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520 (1979); Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997).

Rather, as the Fourth Circuit Court of Appeals noted in Riley, "[t]he Eighth and Fourteenth Amendments. . . establish only qualified standards of protection for prisoners and pretrial detainees--against "cruel and unusual punishment . . . ." Id. at 1167. In particular, the Riley Court reiterated that "[n]ot. . . every malevolent touch by a prison guard gives rise to a federal cause of action. . . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Id., quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). Thus, it has been concluded that the law excludes from constitutional recognition de minimis uses of physical force as were alleged here. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). Accordingly, the plaintiff cannot prevail on his claim that on a single

occasion, defendant Trice tightly handcuffed him because that allegation does no more than identify a <u>de minimis</u> use of force which is not protected under the Constitution.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's Complaint be **DISMISSED in its entirety** for his failure to state a claim for relief as to any of the defendants.  <u>See</u> 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

**Signed: November 3, 2005**

Graham C. Mullen
Chief United States District Judge